**Opinion filed January 30, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00180-CR

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**RANDALL LEE NIX, Appellee**

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. CR03197**

## M E M O R A N D U M   O P I N I O N

On November 14, 2018, Appellee, Randall Lee Nix, was indicted for the offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(1), (b) (West Supp. 2024). Because this case had not yet proceeded to trial, on May 21, 2024, Appellee filed a motion to dismiss contending that his right to a speedy trial had been violated. The following day, the trial court, without

allowing the State to respond to Appellee's motion, e-signed an order granting the motion and dismissing the indictment.

The parties attended a status conference on May 30, at which time the trial court acknowledged that it had mistakenly granted Appellee's motion without considering the merits of, and the arguments raised in, the motion. According to the trial court, it signed an order on May 23 reinstating the indictment and vacating its order of dismissal; however, the trial court was later advised that it could not take such action because it was without jurisdiction to do so.

The State raises one issue on appeal: the trial court erred when it granted Appellee's motion and dismissed the indictment without (1) considering the merits of the motion, (2) allowing the State to respond, and (3) weighing and balancing the *Barker* factors. *See Barker v. Wingo*, 407 U.S. 514, 530, 531–33 (1972) (the trial court must weigh and balance the conduct of the State *and* the defendant in making its speedy trial determination). As such, the State contends, the parties were deprived of the opportunity to be heard, to present evidence to explain the reason(s) for the delay in prosecuting this case, and to sufficiently develop the record; thus, the trial court failed to make a "conscious" decision on the merits of Appellee's motion. Because of the trial court's oversight, the State requests that we reverse the trial court's order and remand this cause so that the trial court may entertain evidence and properly weigh and consider the *Barker* factors and the merits of Appellee's motion.

Appellee has filed a brief in which he concedes that the State is correct and that this cause should be remanded. We also agree with the State. Therefore, we conclude, and Appellee agrees, that the trial court erred when it granted Appellee's motion to dismiss. Accordingly, we sustain the State's sole issue on appeal, and we

2

reverse the order of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

W. STACY TROTTER

JUSTICE

January 30, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.